

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 26, 1966

Honorable Ray A. Fowler      Opinion No. C-769
Assistant Commissioner
Coordinating Board, Texas
  College and University System
Austin, Texas

Re: Whether the Coordinating Board, Texas College and University System is authorized to contract with insurance companies to insure the lives of student borrowers from the Texas Opportunity Plan Fund, and related questions.

Dear Mr. Fowler:

In a recent letter to this department you requested our opinion in regard to the following questions:

"(1)  Is it constitutionally proper and statutorily provided that the Coordinating Board, Texas College and University System purchase insurance on the life of the student borrower with the amount of said premium to be added to the balance of said student's account as authorized by the student's execution of one of the attached note forms?

(2)  If the answer to question (1) is affirmative, is it constitutionally proper and statutorily provided that an advance from the Texas Opportunity Plan Fund be made from said fund derived initially by sale of constitutionally authorized bonds and later by repayment of loans by students, an amount of said insurance premiums from this fund?  In doing so, it is understood that the charges for insurance

-3695-

premiums would be made to the individual
student's loan balance and said balance would
be repaid in accordance with the terms of the
note.

(3)  Is it constitutionally proper and
statutorily provided that payment of such
insurance premiums in the manner as described
in (2) above be paid from the Texas Opportunity
Plan Fund directly to the insurance carrier
selected in accordance with Section 7, Article
III, Chapter 101, Acts of the 59th Legislature,
Regular Session, 1965?"

The questions you have asked involve the following
part of Article III, Section 50b of the Texas Constitution:

"(b)  All moneys received from the sale
of such bonds shall be deposited in a fund
hereby created in the State Treasury to be
known as the Texas Opportunity Plan Fund to
be administered by the Coordinating Board,
Texas College and University System or its
successor or successors to make loans to stu-
dents who have been admitted to attend any
institution of higher education within the
State of Texas, public or private, including
Junior Colleges, which are recognized or
accredited under terms and conditions pre-
scribed by the Legislature, and to pay interest
and principal on such bonds and provide a
sinking fund therefor under such conditions
as the Legislature may prescribe." (emphasis
added).

In anticipation of the passage of the above con-
stitutional amendment, the Legislature enacted Article
2654g, Texas Civil Statutes (Acts 59th Leg., R.S. 1965,
ch. 101, P. 229) which provides in part:

"The Board may contract with any insurance
company, or companies licensed to do business in
Texas for insurance on the life of any student

borrower in an amount sufficient to retire the principal and interest owed under a loan made as provided in this Act. The cost of such insurance shall be paid by the student borrower. No contract for insurance as provided for in this Section may be approved except by the Board and during a regular meeting attended by a quorum of the total Board membership." (emphasis added).

Article III, Section 50b, Subdivision (b) of the Texas Constitution authorizes the Coordinating Board to make loans to students and to administer the Texas Opportunity Plan Fund. Pursuant to this constitutional amendment, the Legislature enacted Article 2654g, supra, which authorizes the Coordinating Board to contract with any insurance company on the life of any student borrower provided that the cost of such insurance is paid by the student borrower.

Therefore, the premium on this insurance may be paid directly to any insurance company from Texas Opportunity Plan Funds provided that such amount is made a part of the total loan to the student. Thus, the cost of such insurance is borne by the student borrower and is repaid by him in accordance with the terms of the note.

## S U M M A R Y

Pursuant to the provisions of Article III, Section 50b, Texas Constitution and Article 2654g, V.C.S., the Coordinating Board, Texas College and University System has the authority to purchase insurance on the life of the student borrower and to pay premiums out of the Texas Opportunity Plan Fund directly to the insurance company provided that the amount of the premium is included in the note executed by the student borrower.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

Honorable Ray A. Fowler, page 4 (C-769)

MARK W. WHITE
Assistant Attorney General

MWW:ds

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Fainter, Jr.
Robert C. Flowers
Lewis Berry
Bob Towery

APPROVED FOR THE ATTORNEY GENERAL

By:  T. B. Wright